UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS SCOTT, | ) |
| Plaintiff, | ) |
| v. | ) 15-4143 |
| ALICE ORE and WANDA PENNOCK, | ) |
| Defendants. | ) |

## MERIT REVIEW AND CASE MANAGEMENT ORDER

The plaintiff, proceeding *pro se* from his detention in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis on claims regarding the defendants' response for the plaintiff's bleeding after his dialysis on October 10, 2015.

This is the plaintiff's ninth of ten cases filed over the past two years against Alice Ore, the dialysis nurse at Rushville. In the past three years, the plaintiff has filed a total of 28 cases, most of them regarding alleged improprieties in his access to dialysis or the administration of his dialysis.

The plaintiff's need for dialysis is serious, and he cannot be denied that need. However, he does not get to dictate when and how he receives his dialysis, so long as those decisions are made within professional standards. A mistake, disrespectful attitude, rude, or unprofessional behavior, or the failure to do one's job correctly does not amount legally to a constitutional violation.

In this case, the plaintiff alleges in conclusory language that he began "massively bleeding" from his dialysis "graph" after he had been returned to his housing unit on October 10, 2015. The plaintiff was taken to see Alice Ore, who allegedly refused to rebandage the site and instead directed that the plaintiff be taken to the health care unit, which the plaintiff describes as "5 to 10 minutes" away, even though the health care unit is on site. He alleges that he was close to "bleeding to death." (Complaint p. 5.)

In light of the plaintiff's allegation that he was "bleeding to death", no plausible inference arises that Alice Ore departed from professional standards by sending the plaintiff to the health care unit on site to obtain the treatment he needed for this alleged life-threatening situation. *Sain v. Wood*, 512 F.3d 886, 894-95 (7th Cir. 2009)(Deliberate indifference arises "'if the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment.'"). It is hard to imagine how Alice Ore could have handled such massive bleeding (if it existed) on her own, or even that she should have tried. Further, no

plausible inference arises that the plaintiff suffered any harm from being treated in the on-site medical unit rather than in the on-site dialysis unit.

As for the defendant Wanda Pennock, no plausible inference arises that she did anything that might have violated the plaintiff's federal rights.   The plaintiff alleges that Wanda Pennock ignored his pleas for help, but Officer Airon was the one who escorted the plaintiff to medical treatment.   Wanda Pennock's involvement, if any, is not explained.

Accordingly, the plaintiff's petition to proceed in forma pauperis will be granted solely because of the plaintiff's indigency, but this case will be dismissed, without prejudice, for failure to state a claim.   If the plaintiff believes he can allege facts which state a federal claim against the defendants, he may file a motion to reopen the case, attaching a proposed amended complaint.

IT IS THEREFORE ORDERED:

1.  The plaintiff's petition to proceed in forma pauperis is granted (4).

2.  This case is dismissed, without prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915(2)(B)(ii).

3.  This case is closed.

4.  If the plaintiff believes that other or additional facts exist which might support a federal claim against the defendants based on the incident on October 10, 2015, then plaintiff may file a motion to reopen this case by March 28, 2016, attaching his proposed amended complaint.

Entered this 23rd day of February, 2016.

_____s/Harold A. Baker_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE